USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA THERESA C. VINLUAN, individually and on behalf of DV, and MATTHEW VINLUAN, individually,

Plaintiffs,

-against-

ARDSLEY UNION FREE SCHOOL DISTRICT, ET AL.,

Defendants.

No. 19-CV-06496 (NSR)

ORDER GRANTING IFP APPLICATION AND REQUEST FOR PRO BONO COUNSEL

NELSON S. ROMÁN, United States District Judge:

Plaintiff Matthew Vinluan ("MV") has filed an Application to Proceed *In Forma Papueris* ("IFP Application") and an Application for the Court to Request *Pro Bono* Counsel. (ECF Nos. 35, 35-1.) For the following reasons, Plaintiff's applications are granted.

I. **Application to Proceed *In Forma Pauperis***

Leave to proceed in this Court without payment is authorized as to MV. *See* 28 U.S.C. § 1915.

II. **Application for *Pro Bono* Counsel**

### LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a

litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

As noted above, the Court has determined, based on a review of MV's IFP Application, that Plaintiff qualifies as indigent. Therefore, the MV has satisfied the first *Hodge* factor.

In his complaint, filed by his mother Maria Theresa Vinluan, MV asserts claims under the Individuals with Disabilities Act, 20 U.S.C. § 1400 *et seq.*, seeking review of a New York State Review Officer's decision barring portions his appeal of the Independent Hearing Officer's decision under applicable statute of limitations, as well as the Officer's finding that Defendant Ardsley Union Free School District provided Free and Appropriate Education ("FAPE"). (*See* ECF No. 36.) He also alleges systemic violations of the IDEA against Defendants Ardsley Union Free School District. (*Id.*) In addition to his IDEA claims, MV asserts claims under 42 U.S.C. § 1983, specifically alleging, *inter alia*, that Defendant Ardsley Union Free School District and various individuals deprived him of (1) procedural safeguards secured by the IDEA, and (2) equal protection based on the same conduct.[1] (*Id.*) Finally, MV brings claims for discrimination under § 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act. Specifically, he contends that the Defendant Ardsley Union Free School District discriminated against him by, for example, denying of FAPE, failing to provide him with special instructions and reasonable accommodations, and failing to provide support for his Individual Education Program. At this juncture, the Court finds that MV's claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Plaintiff's mother, Plaintiff Maria Theresa Vinluan, commenced this action on behalf of her children, Matthew Vinluan and DV, on July 12, 2019, paying the requisite filing fee. (ECF Nos. 1-2.) The Court then explained at the November 6, 2019 hearing that she would need to have MV's claims prosecuted by an attorney. (ECF No. 41 at 24:23-25:7.) In this current application, MV is described as having "high functioning autism," which inhibits his ability "to express himself

---

[1] Plaintiff Matthew Vinluan also brings a claim under 42 U.S.C. § 1935 alleging a conspiracy to deprive him of equal protection under the law.

as well as he needs to." (ECF No. 35 at 1.) Indeed, much of his claims are premised on, or at least related to, Defendants' alleged inadequate handling of and/or failure to accommodate these same disabilities in his schooling. Given MV's disability, the potential impairments it may have on his ability to prosecute this case on his own, the Court finds representation in this matter would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, MV's Application for the Court to Request Counsel is granted. The Court advises MV that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent MV. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. The Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 35 and to add Plaintiff Matthew Vinluan to the docket. The Clerk is further directed to mail copies of this Order to Plaintiff Maria Theresa C. Vinluan and Plaintiff Matthew Vinluan at the address listed on ECF for Maria Theresa C. Vinluan and to file proof of service on the docket.

SO ORDERED.

Dated: January 21, 2020
        White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge